# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LYNETTE R. JACKSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) No. 4:24-CV-1352HEA <br> AMERICAN WATER UTILITY, ) <br> ) <br> Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendant American Water Utility to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e).[1] (ECF No. 11). Also before the Court is Plaintiff Lynette R. Jackson's response and supplemental response to the Court's Order to Show Cause. (ECF Nos. 14 and 15). For the reasons that follow, the Court grants Defendant's motion for more definite statement and denies without prejudice its motion to dismiss.

---

[1] Plaintiff identifies the defendant in this case as "American Water Utility." (ECF No. 7 at 1). In its Notice of Removal and Motion to Dismiss, Defendant states that its proper name is American Water Works Service Company, Inc. Defendant states that American Water Utility does not exist and never employed Plaintiff, but that Plaintiff was employed by American Water Works Service Company, Inc.

## *I. Background*

On September 5, 2024, Plaintiff Lynette R. Jackson, who is proceeding in this matter *pro se* without the assistance of counsel, filed a state court Petition against American Water in the Twenty-First Judicial Circuit Court, St. Louis County, Missouri. The Petition is a one-page list of claims against Defendant that includes "employment discrimination," "FMLA violations," "FMLA retaliation," "violation of employee benefit act," "harassment," "whistleblowing," "wage violations," and "violation of (Cares) Act (2020). (ECF No. 7). There are no factual allegations whatsoever. Defendant removed Plaintiff's cause of action to this Court on the basis of federal question and diversity jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. Following removal, American Water filed a Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In its motion, Defendant argues Plaintiff's claims are barred by claim preclusion and the doctrine of claims splitting. Defendant also argues that Plaintiff fails to allege any facts that are sufficient to state a claim. Alternatively, American Water requests the Court order Plaintiff to provide a more definite statement setting forth the factual basis of her claims pursuant to Fed. R. Civ. P. 12(e).

Plaintiff did not respond to Defendant's Motion to Dismiss in a timely manner, and on December 19, 2024, the Court issued an Order to Show Cause. (ECF No. 13). Plaintiff was ordered to show cause, in writing on or before January 3,

2

2025, why she failed to respond to Defendant's Motion to Dismiss. On January 2, 2025, Plaintiff filed a response to the Order to Show Cause, and on January 3, 2025, she filed a supplement to her response. (ECF Nos. 14 and 15).

## II.   Discussion

Plaintiff did not respond to Defendant's Motion to Dismiss in a timely manner. Although Plaintiff is representing herself without the assistance of counsel, she is not excused from complying with the Court's orders, the Federal Rules of Civil Procedure, and applicable local rules. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996); *see also Faretta v. California*, 422 U.S. 806, 934-35 n.46 (1975) (pro se litigant must comply with relevant rules of procedure). Rule 4.01 of the Local Rules of the United States District Court for the Eastern District of Missouri provides, "each party opposing a motion . . . must file, within fourteen (14) days after service of the motion, a single memorandum containing any relevant argument and citations to authorities on which the party relies." E.D. Mo. L.R. 4.01(B). When a party cannot meet a deadline, that party must file a motion for leave to file a document out of time. The Court may extend the deadline for good cause shown or because of excusable neglect. Fed. R. Civ. P. 6(b).

Plaintiff states in her response, among other things, that she did not receive a copy of the motion to dismiss, and that she attempted to amend her Petition in state court. Plaintiff also states that she challenged the removal to federal court.

First, there is evidence in the record that Defendant's Motion to Dismiss was delivered to a mailbox at Plaintiff's address of record, and that she received a copy of the Show Cause Order, which was sent to the same address. Second, once a case is removed to federal court, it is no longer pending in state court. All filings must be made in the case pending in federal court. Plaintiff neither moved to amend her Petition nor filed a motion to remand in the above-caption case after it was removed from state court.

The Court, therefore, will turn to the merits of Defendant's Motion to Dismiss or, in the alternative, Motion for More Definite Statement. Defendant argues that this is the third lawsuit Plaintiff has filed against it, and that Plaintiff is precluded from bringing her claims under the doctrines of *res judicata* and claim splitting. Defendant further argues that Plaintiff's Petition is devoid of any factual allegations that could state a claim that is plausible on its face.

The Court agrees that Plaintiff's Petition is devoid of any facts. But the fact that there are no factual allegations whatsoever makes it nearly impossible to evaluate whether Plaintiff's claims are the same claims and/or whether they are

4

based on the same facts as the claims she raised in her prior suits.[2] The Court will, therefore, grant Defendant's Rule 12(e) motion for more definite statement and allow Plaintiff an opportunity to amend. *Tinder v. Lewis Cnty. Nursing Home Dist.*, 207 F.Supp.2d 951, 959 (E.D. Mo. 2001) ("A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable.").

In order to proceed in this matter, Plaintiff must submit an amended complaint on the court-provided form. The amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff is required to set out her claim(s) in a simple, concise, and direct manner, and also the facts supporting her claim(s) against the defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances). Plaintiff must explain the factual basis of her claim(s) so that the defendant will have notice of what it is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating

---

[2] Plaintiff does detail a number of "facts" in her supplemental response to the show cause order. (ECF. No. 15). Defendant argues these facts support its position that Plaintiff's claims are barred by *res judicata*. The "facts" in Plaintiff supplement, however, are not allegations and, importantly, the document is not signed. All pleadings must be signed by an attorney "or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11. The Court will strike Plaintiff's supplement from the record for filing error.

that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). In paragraph 12 of the form complaint, Plaintiff must set forth the factual allegations supporting her claim(s) against the defendant, in other words, what the defendant did. Importantly, Plaintiff must provide a timeframe for each of her claims, that is, when the alleged incidents occurred.

Plaintiff is also advised that the filing of the amended complaint completely replaces the original complaint, so it must include all claims Plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Furthermore, the amended complaint must be signed. Fed. R. Civ. P. 11.

**Finally, if Plaintiff fails to file an amended complaint on the Court-provided form in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice.**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant American Water Utility's Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, Motion for a More Definite Statement pursuant to Fed. R. Civ. P. 12(e) is **GRANTED in part and DENIED in part.** Defendant's Motion for More

Definite Statement is **GRANTED**. In all other respects, the Motion is **DENIED without prejudice.** [ECF No. 11].

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide Plaintiff a Court form for filing an Employment Discrimination Complaint.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint, in accordance with the instructions set forth above, no later than **January 21, 2025**.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that Plaintiff's Supplemental Response to the Court Show Cause Order is **STRICKEN** from the record for filing error because the document is not signed. The Clerk of Court shall delete ECF No. 15 from the record.

Dated this 13th day of January, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE